FILED

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES OF AMERICA

     v.                   CASE NO. 8:21 cr 270 KKM—TGW

HAO KUO CHI                           18 U.S.C. § 371
    a/k/a "David Chi"              18 U.S.C. § 1030
    a/k/a "icloudripper4you"     18 U.S.C. § 1029

## INFORMATION

The United States Attorney charges:

## COUNT ONE

### A.  Introduction

At all times material to this Information:

1.     HAO KUO CHI ("CHI"), also known as "David Chi" and "icloudripper4you," resided in Los Angeles County, California, within the Central District of California. One of CHI's conspirators ("Conspirator #1") is believed to have resided in Lake County, Florida, within the Middle District of Florida. A.K., J.K., and K.N. were victims who resided in the Middle District of Florida.

2.     Apple was a United States company that produced the iPhone, iPad, and iPod Touch, all of which used the iOS operating system, and desktop and laptop computers based on the Mac OS operating system. Apple provided a variety of services that were accessible from Apple devices or, in some cases, other devices via web browsers or mobile and desktop applications.

3.    iCloud was a file hosting, storage, and sharing service provided by Apple. Apple provided users with five gigabytes of free electronic space on iCloud, and users could purchase additional storage space. That storage space could contain data associated with the use of iCloud-connected services, including: email; images and videos; documents, spreadsheets and presentations; and web browser settings and Wi-Fi network information. iCloud could also be used to store iOS device backups, which could contain a user's photos and videos, iMessages, Short Message Service and Multimedia Messaging Service messages, voicemail messages, call history, contacts, calendar events, reminders, notes, app data and settings, and other data.

4.    Apple services, such as iCloud, were accessible through the use of an "Apple ID," an account created during the setup of an Apple device or through the iTunes or iCloud services. A single Apple ID could be linked to multiple Apple services and devices, serving as a central authentication and syncing mechanism. An Apple ID took the form of the full email address submitted by the user to create the account. The Apple ID could be used to access most Apple services, including iCloud.

## B.    The Conspiracy

5.    Beginning on an unknown date, but from as early as in or around September 2014, and continuing through the date of this Information, in the Middle District of Florida and elsewhere, CHI did knowingly and willfully combine, conspire, confederate, and agree with others known and unknown to the grand jury

to commit the following offenses against the United States: Unauthorized Access to a Protected Computer, in violation of 18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(ii).

### C.   **Manner and Means**

6.   The manner and means by which CHI and others sought to accomplish the conspiracy included, among other things, the following:

a.   It was a part of the conspiracy that CHI would and did use the online moniker "icloudripper4you," and marketed himself as capable of gaining unauthorized access to iCloud accounts and stealing the content stored therein, which he referred to as a "ripping;"

b.   It was further a part of the conspiracy that CHI would and did create email accounts for the purpose of impersonating Apple customer support representatives, which he used to fraudulently obtain Apple IDs and passwords of unsuspecting victims;

c.   It was further a part of the conspiracy that CHI and his conspirators would and did communicate with one another using a foreign-based, end-to-end encrypted email service to maintain anonymity;

d.   It was further a part of the conspiracy that CHI would and did gain unauthorized access to the iCloud accounts of hundreds of victims across the United States, including those residing in Arizona, California, Connecticut, Florida, Kentucky, Louisiana, Maine, Massachusetts, Ohio, Pennsylvania, South Carolina, and Texas;

e.     It was further a part of the conspiracy that CHI and his conspirators would and did seek out nude photographs and videos stored in victim iCloud accounts, which they referred to as "wins," and collect, share, and trade "wins" with one another; and

f.     It was further a part of the conspiracy that CHI would and did maintain at least one terabyte of cloud storage for the purpose of storing content stolen from victim iCloud accounts, and possessed hundreds of thousands of photographs and videos of such content.

### D.     Overt Acts

7.     In furtherance of the conspiracy and to effect its objects, CHI and his conspirators committed the following overt acts, among others, in the Middle District of Florida and elsewhere:

a.     On or about September 2, 2016, Conspirator #1 provided CHI with the Apple ID and password of A.K.'s iCloud.

b.     On or about September 2, 2016, CHI gained unauthorized access to A.K.'s iCloud, and downloaded its contents.

c.     On or about September 2, 2016, CHI provided Conspirator #1 with access to the contents of A.K.'s iCloud.

d.     On or about September 2, 2016, Conspirator #1 provided CHI with the Apple ID and password of J.K.'s iCloud.

e.     On or about September 2, 2016, CHI gained unauthorized access to J.K.'s iCloud, and downloaded its contents.

4

f.      On or about September 3, 2016, CHI provided Conspirator #1 with access to the contents of J.K.'s iCloud.

g.      On or about April 11, 2017, Conspirator #1 provided CHI with K.N.'s Apple ID and date of birth.

h.      On or about April 12, 2017, CHI gained unauthorized access to K.N.'s iCloud, and downloaded its contents.

i.      On or about May 6, 2018, CHI attempted to gain unauthorized access to J.K.'s iCloud.

All in violation of 18 U.S.C. § 371.

## COUNTS TWO THROUGH FOUR
### (Unauthorized Access to a Protected Computer)

8.      The allegations contained in Count One of this Information are incorporated by reference as if fully set forth herein.

9.      On or about the dates listed below, in the Middle District of Florida and elsewhere, the defendant,

HAO KUO CHI,

did knowingly and intentionally access without authorization and in excess of authorization, and aided and abetted others in the access without authorization and in excess of authorization, and thereby obtained information, namely, the iCloud contents of the victims listed below, from a protected computer, as that term is defined in 18 U.S.C. § 1030(e)(2)(B), namely, a server of a service provider, in furtherance of a criminal or tortious act in violation of Constitution and the laws of

the State of Florida, namely, intentional infliction of emotional distress:

| COUNT | DATE | VICTIM | SERVICE PROVIDER |
|-------|------|--------|-------------------|
| TWO | 9/2/2016 | A.K. | Apple |
| THREE | 9/2/2016 | J.K. | Apple |
| FOUR | 4/10/2017 | K.N. | Apple |

In violation of 18 U.S.C. §§ 1030(a)(2)(C), (c)(2)(B)(ii), and 2.

## FORFEITURE

1.     The allegations contained in Counts One through Four of this Information are incorporated by reference as if fully set forth herein for the purpose of alleging forfeitures pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1030(i).

2.     Upon conviction of a violation of 18 U.S.C. § 1030, or a conspiracy to violate 18 U.S.C. § 1030 (18 U.S.C. § 371), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation and, pursuant to 18 U.S.C. § 1030(i), any personal property used or intended to be used to commit or to facilitate the commission of such violation.

3.     If any of the property described above, as a result of any act or omission of the defendant:

      a.     cannot be located upon the exercise of due diligence;

      b.     has been transferred or sold to, or deposited with, a third party;

      c.     has been placed beyond the jurisdiction of the court;

     d.     has been substantially diminished in value; or

     e.     has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property

under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

KARIN HOPPMANN
Acting United States Attorney

By: _____

Carlton C. Gammons
Assistant United States Attorney

By: _____

Josephine W. Thomas
Assistant United States Attorney
Chief, Criminal Division