UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO.  8:21-cr-00270-KKM-TGW

HAO KUO CHI

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Karin Hoppmann, Acting United States Attorney for the Middle District of Florida, and the defendant, HAO KUO CHI, and the attorney for the defendant, Edward Robinson, mutually agree as follows:

### A.  Particularized Terms

1.  Counts Pleading To

The defendant shall enter a plea of guilty to Counts One through Four of the Information.  Count One charges the defendant with conspiracy, in violation of 18 U.S.C. § 371.  Counts Two through Four charge the defendant with computer fraud, in violation of 18 U.S.C. §§ 1030(a)(2)(C) and 2.

2.  Maximum Penalties

Counts One through Four carry a maximum sentence of five years imprisonment, a fine of $250,000/$100,000, a term of supervised release

Defendant's Initials  H.C

release of not more than two years, and a special assessment of $100 per felony count for individuals. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offenses, or to the community, as set forth below.

3. <u>Elements of the Offenses</u>

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

<u>First</u>: two or more persons in some way agreed to try to accomplish a shared and unlawful plan;

Second: the Defendant knew the unlawful purpose of the plan and willfully joined in it;

<u>Third</u>: during the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the information; and

<u>Fourth</u>: the overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

The elements of Counts Two through Four are:

<u>First</u>: the Defendant intentionally accessed a computer without authorization;

| Second: | the Defendant got information from a protected computer; and |
| Third: | the Defendant acted to further a criminal or tortious act. |

4. <u>Indictment Waiver</u>

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

5. <u>Waiver of Venue</u>

The defendant hereby waives any and all legal challenges based upon venue, pursuant to Federal Rule of Criminal Prosecution 18, to the prosecution in this district of the offenses charged in Counts One through Four of the Information. The defendant also agrees that all of the charges in the Information may be resolved through a plea of guilty in the Middle District of Florida, as anticipated above in paragraph A.1. In waiving venue, the defendant specifically acknowledges that he has consulted with his attorney, and is waiving this right because it is in the defendant's interest, after reasoned reflection, to do so.

6. <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the

Defendant's Initials H. C.          3

United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

7.    Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

8.    Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not

accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

9.    Cooperation - Substantial Assistance to be Considered

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a

full and complete disclosure of all relevant information, including production

of any and all books, papers, documents, and other objects in defendant's

possession or control, and to be reasonably available for interviews which the

United States may require. If the cooperation is completed prior to

sentencing, the government agrees to consider whether such cooperation

qualifies as "substantial assistance" in accordance with the policy of the United

States Attorney for the Middle District of Florida, warranting the filing of a

motion at the time of sentencing recommending (1) a downward departure

from the applicable guideline range pursuant to USSG §5K1.1, or (2) the

imposition of a sentence below a statutory minimum, if any, pursuant to 18

U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to

sentencing, the government agrees to consider whether such cooperation

qualifies as "substantial assistance" in accordance with the policy of the United

States Attorney for the Middle District of Florida, warranting the filing of a

motion for a reduction of sentence within one year of the imposition of

sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant

understands that the determination as to whether "substantial assistance" has

been provided or what type of motion related thereto will be filed, if any, rests

solely with the United States Attorney for the Middle District of Florida, and

the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

10.   Use of Information - Section 1B1.8

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

11.   Cooperation - Responsibilities of Parties

a.   The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime. However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b.   It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and

unreservedly disclose and provide full, complete, truthful, and honest

knowledge, information, and cooperation regarding any of the matters noted

herein, the following conditions shall apply:

      (1)    The defendant may be prosecuted for any perjury or

false declarations, if any, committed while testifying pursuant to this

agreement, or for obstruction of justice.

      (2)    The United States may prosecute the defendant for

the charges which are to be dismissed pursuant to this agreement, if any, and

may either seek reinstatement of or refile such charges and prosecute the

defendant thereon in the event such charges have been dismissed pursuant to

this agreement. With regard to such charges, if any, which have been

dismissed, the defendant, being fully aware of the nature of all such charges

now pending in the instant case, and being further aware of defendant's rights,

as to all felony charges pending in such cases (those offenses punishable by

imprisonment for a term of over one year), to not be held to answer to said

felony charges unless on a presentment or indictment of a grand jury, and

further being aware that all such felony charges in the instant case have

heretofore properly been returned by the indictment of a grand jury, does

hereby agree to reinstatement of such charges by recision of any order

dismissing them or, alternatively, does hereby waive, in open court,

prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)     The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)     The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)     The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the

United States, the United States may move the Court to declare this entire plea agreement null and void.

12. Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. §§ 982(a)(2)(B), whether in the possession or control of the United States, the defendant or defendant's nominees.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

If the United States seeks the forfeiture of specific assets pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the

defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant further agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete

information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed forfeiture amount, is collected in full.

**B.** **Standard Terms and Conditions**

    1.    Restitution, Special Assessment and Fine

        The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

        On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing.

Defendant's Initials  _H. C._      13

The defendant understands that this agreement imposes no limitation as to fine.

2.  <u>Supervised Release</u>

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.  <u>Immigration Consequences of Pleading Guilty</u>

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.  <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any

misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5. <u>Financial Disclosures</u>

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information

Defendant's Initials _H.C._                15

concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.  <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make

with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.   Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.   Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this

office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.   Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.   Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront

Defendant's Initials _H. C._          18

and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.  <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

## FACTS

From at least in or around September 2014, through an unknown date, the defendant, Hao Kuo Chi ("CHI"), conspired to hack into the Apple iCloud accounts of hundreds of individuals across the country in search of nude photos and videos. CHI then shared and traded these images with other persons using the internet and/or kept those images for his personal collection. Certain members of the conspiracy released these images into the public sphere.

CHI used the online moniker "icloudripper4you," and marketed himself as capable of gaining unauthorized access to iCloud accounts and stealing the content stored therein, which he referred to as a "ripping." CHI also created email accounts for the purpose of impersonating Apple customer support representatives. CHI's conspirators then sent Apple IDs and passwords of his unsuspecting victims to these email accounts. At times, CHI and his conspirators communicated with one another using a foreign-based, end-to-end encrypted email service to maintain anonymity.

During the course of the conspiracy, CHI gained unauthorized access to the iCloud accounts of at least 306 victims across the United States (primarily young women), including those residing in Arizona, California, Connecticut, Florida, Kentucky, Louisiana, Maine, Massachusetts, Ohio,

Pennsylvania, South Carolina, and Texas. CHI and his conspirators sought out nude photographs and videos stored in victim iCloud accounts, which they referred to as "wins," and collected, shared, and traded "wins" with one another. A.K., J.K., and K.N. are three victims of CHI and his conspirators who reside in the Middle District of Florida.

On or about September 2, 2016, CHI obtained the Apple ID and password of A.K.'s iCloud account from a conspirator. CHI then gained unauthorized access to A.K.'s iCloud, and downloaded its contents. On or about September 2, 2016, CHI provided the conspirator with access to the contents of A.K.'s iCloud.

On or about September 2, 2016, CHI obtained the Apple ID and password of J.K.'s iCloud account from a conspirator. CHI then gained unauthorized access to J.K.'s iCloud, and downloaded its contents. On or about September 3, 2016, CHI provided the conspirator with access to the contents of J.K.'s iCloud.

On or about April 11, 2017, Conspirator #1 provided CHI with K.N.'s Apple ID and date of birth from a conspirator. On or about April 12, 2017, CHI gained unauthorized access to K.N.'s iCloud account, and downloaded its contents.

In May 2021, investigators executed a search warrant at CHI's home in La Puente, California. During an interview, CHI admitted to hacking the iCloud accounts of approximately 200 victims at the request of individuals he had met online. Forensic analysis of CHI's physical and cloud storage revealed that he maintained at least one terabyte of storage for the purpose of storing content stolen from victim iCloud accounts, and that CHI possessed hundreds of thousands of photographs and videos of such content.

12.  <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13. <u>Certification</u>

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this _5th_ day of _August_, 2021.

KARIN HOPPMANN
Acting United States Attorney

_____
Hao Kuo Chi
Defendant

_____
Carlton C. Gammons
Assistant United States Attorney

_____
Edward Robinson, Esquire
Attorney for Defendant

_____
Josephine W. Thomas
Assistant United States Attorney
Chief, Criminal Division