UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                            CASE NO.: 8:21-CR-270-KKM-TGW

HAO KUO CHI

### POSITION REGARDING SENTENCE

PLEASE TAKE NOTICE that Hao Kuo Chi, "Mr. Chi," by and through his counsel of record Edward M. Robinson, hereby submits his position regarding sentencing.

### INTRODUCTION

Appearing before this Court is a forty-one-year-old man who engaged in a crime for which he is terribly remorseful.  Mr. Chi has accepted full responsibility for his crime, he has cooperated with the government and waived grand jury so that he could plead guilty at the earliest time.

As set forth in the pre-sentence report, PSR, and the attached letters, Mr. Chi's upbringing was beset by tragedy.  But for this crime, and what clearly appears to be a product of a mental illness, Mr. Chi has been a model husband, son and employee.  He has led a double life.  He accepts that he must be punished for the harm he caused.  He also needs help.  A long prison term is unnecessary to protect the public from future crimes of Mr. Chi.  It is also not needed to deter him from future crime.  The most effective means of treating him with this compulsion

problem is intensive monitoring and psychological treatment. This can most effectively be done through the longest period of supervision with the most intensive monitoring and treatment.

Finally, the recommended advisory guideline sentence from the government and the probation office is the product of an unconstitutionally vague guideline commentary which produces a procedurally unreasonable application of the loss upward adjustment. To sentence Mr. Chi as recommended in the PSR would deprive him of his Due Process right to an individualized sentence.

## OBJECTIONS TO THE PSR-ADVISORY GUIDELINE CALCULATION

The probation office calculates a total offense level of 29, which, with a Criminal History Category I, renders an advisory prison range of 87-108 months in prison. Absent the 16-level upward adjustment recommended in paragraph 34 of the PSR, Mr. Chi's advisory guideline range is 12-18 months based on a total offense level of 13 and a Criminal History Category I. (p. 3, Doc. 29).

This 75–90-month increase is due to the "formula" in the commentary to USSG § 2B1.1 which, absent any supporting evidence, "…shall be not less than $500.00 per access devise." USSG 2B1.1, comment. (n.3(f)(i)). There is no evidence in the offense conduct section of the PSR that establishes any "pecuniary harm" to the victims.

Counsel for Mr. Chi noted his objections to the probation office. In support of the upward adjustment, the probation office relied on *United States v. Barrington*, 648 F.3d 1178 (11th Cir. 2011) for the proposition that Mr. Chi's conduct involved the use of "unauthorized access device[s]" which, by extension, triggered the $500 per devise mandate in the commentary. (Doc. 29 p. 2).

**Procedural reasonableness**

To comport with Due Process by ensuring an individualized sentence, a sentence, post *Booker*, must be both procedurally and substantively reasonable. *United States v. Ellisor*, 522 F.3d 1255 (11th Cir. 2008), *United States v. Booker*, 543 U.S. 220 (2005). Procedural error includes, "failing to calculate (or improperly calculating) the Guideline range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009).   The application of the 16-level upward adjustment based on the mandatory formula in the commentary unconstitutionally implicates all of these considerations.

With this, Mr. Chi objects to the 16-level loss upward adjustment based on the guideline's commentary. In making a loss calculation, the district court must "make factual findings sufficient to support the government's claim ... based on a preponderance of the evidence." *United States v. Patterson*, 595 F.3d 1324,1327 (11th Cir. 2010). Although the Guidelines require only a "reasonable estimate of the loss" and not a "precise determination," a district court's loss finding cannot be based on speculation. Indeed, when the government's evidence includes an item containing personal identifying information but does not specify the information sufficient for the court to reasonably make a finding that the item qualifies as an "access device," the court cannot properly rely on it as a basis for loss. See *United States* v. *Wright*, 862 F.3d 1265, 1276 (11th Cir. 2017) (remanding case for resentencing because the record evidence "used the term 'personal identifying information' without describing what that information was").   The same prohibition on speculation regarding loss applies. *United States v. Maitre*, 898 F.3d 1151, 1160 (11th Cir. 2018).

The case presented to this Court by the probation office in the PSR stands for the same proposition. "…[A] sentencing judge may not speculate about the existence of a fact that would result in a higher [Guideline] sentence…" *Barrington*, 648 F.3d at 1197. The $500.00 per devise formula is not tied to the "pecuniary" harm of an intended loss factual calculation. The one size fits all formula treats the advisory guidelines as mandatory. It deprives the defendant of the individualized fact-based sentence to which he is constitutionally entitled. The parsimony clause of 18 USC § 3553(a) is undercut as the starting point for the variance analysis is artificially high. This procedural error caused by the rote formula from the commentary and the undercutting of the parsimony clause necessarily affects the substantive reasonableness of the sentence.

**Stinson-Kisor analysis**

"Application Notes are not formally part of the Guidelines…" *Stinson v. United States*, 508 U.S. 36, 38 (1993). The Supreme Court in *Stinson* held that the Application Notes-Commentary is authoritative unless it…is inconsistent with, or a plainly erroneous reading, of that guideline." *Id*., at 40. The $500.00 per devise mandatory loss set forth in the commentary and used by the probation office to support the 16-level upward adjustment is a "rigid, fictional $500 minimum loss amount per [devise]—no matter the facts of the particular case." *United States v. Kirilyuk*, 29 F.4th 1128 (9th Cir. 2022). The Ninth Circuit in reliance on *Stinson* held that the mandatory $500 fictional loss amount was not consistent with the "plain meaning" of loss, which is undefined in the guideline, and as such, cannot be used to support an advisory upward adjustment— "'[n]o reasonable person would define the 'loss' from a stolen [access] device an automatic $500' rather than a fact specific amount.'" *United States v. Riccardi*, 989 F.3d 476, 486 (6th Cir. 2021).

The Ninth Circuit pointed out the "egregious problem" with the rigid-mandatory formula in the Application Note. With *Kirilyuk*, there were facts that supported an actual and intended pecuniary loss of between $1.4 and $3.4 million dollars. By applying the $500 per card as mandated by the commentary the "loss" exploded to $60 million—17 times greater than the intended loss. The Ninth Circuit held that the mandatory formula in the commentary operated as an "'*enhanced punishment'* rather than an assessment of loss tied to the facts of the case." *Kirilyuk*, 29 F.4th at 1138 (*emphasis* in original).

Arriving at the same conclusion but by different means, The Sixth Circuit in *Riccardi* relied on *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019) to hold that the use of the "$500 mandatory minimum" to support an upward adjustment for loss was improper. The Supreme Court in *Kisor* deemed the Guidelines as the "equivalent of legislative rules adopted by federal agencies." *See Riccardi*, 989 F.3d at 484, citing *Stinson*, 113 S. Ct at 1913. In narrowing the deference, Courts were to give an agency's interpretation of its regulations, the Supreme Court "cautioned that a court should not reflexively defer to an agency's interpretation" especially where the "regulation" does not go through the notice-and comment rulemaking process. *Ricciardi*, 989 F.3d at 485. The Guideline commentary does not go through this process.

Since there is "no ambiguity" in the loss that must be tied to the facts of a case, and since "[no] reasonable person would define the 'loss' from a stolen [access device] as an automatic $500…," reflexive deference to the mere commentary concerning this loss formula is unwarranted. *Riccardi*, 989 F.3d at 487. Procedural and substantive unreasonableness issues arise from the 'reflexive' deference and application of the commentary formula because the Guidelines, "…significantly affect individual liberty because a court must use them as the initial benchmark for a proper sentence." *Id*., at 484, internal cite omitted.

**Due Process Violation**

*Booker* and its progeny "establish[] an expectation that defendants will receive reasonable sentences, and we rely on the Guidelines to determine reasonableness. Because the Guidelines drive appellate review under this sentencing scheme, fatally vague Guideline provisions necessarily result in *both* 'arbitrary enforcement by [courts]' and denial of 'fair notice.'" *In re Hunt*, 835 F.3d 1277, 1278 (11th Cir. 2016) (*emphasis* in original), citing *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015). "Therefore, vague Guideline provisions violate the due process clause's void-for-vagueness doctrine." *Hunt* 835 F.3d at 1278.

The Eleventh Circuit in *Hunt* considered the "central role" of the guidelines. As set forth in *Rita v. United States*, 551 U.S. 338 (2007) and *Gall v. United States*, 552 U.S. 38 (2007) and as referred to above, the first step of reasonableness requires that the sentencing court determine the defendant's advisory guideline range. "[A]rbitrary enforcement is a *fait accompli* when the defendant's range is based on a vague provision." *Hunt*, 835 F.3d at 1279 (*emphasis* in original). The $500 per device rote formula set forth in the commentary is, as set forth above, untethered to any actual loss and requires no proof of intended loss. Confronted with this provision, which exponentially increases Mr. Chi's advisory total offense level, this Court, in determining the reasonableness of this extraordinarily inflated guideline range, will be forced to rely on "guesswork and intuition[.]" *Hunt*, 835 F.3d at 1279, *citing Johnson*, 135 S.Ct. at 2559. "Guesswork and intuition" is synonymous with speculation on which guideline applications are prohibited. *See Maitre*, 898 F.3d at 1160. In *Hunt*, the Eleventh Circuit goes on to describe the arbitrariness to similarly situated defendants who could end up "by mere bad luck" with radically difference sentences based on their panel. *See Hunt*, 835 F.3d 1279.

The application of this commentary renders the guideline provision vague. As set forth above, "[no] reasonable person would define the 'loss' from a stolen [access device] as an automatic $500 …" *Riccardi*, 989 F.3d at 486. For the purpose of due process notice, the guideline itself obviously controls. As *Kirilyuk*, based on *Stinson*, establishes, the commentary is inconsistent and incompatible with the guideline. This incompatibility creates vagueness in that "no reasonable person" would have "fair notice" of the consequences of violating this law. Application of this upward adjustment based upon the commentary deprives the public, and in this case Mr. Chi, of fair notice as to what they can expect their reasonable sentence to be.

## 18 U.S.C. § 3553(a) FACTORS

The parsimony clause of 18 U.S.C. § 3553(a) mandates that sentencing courts shall not impose a sentence of incarceration that is "greater than necessary" to promote the factors of sentencing. Mr. Chi is tremendously remorseful. He is the caretaker for his family. It is clear that he has compulsion issues that can be addressed "in the most effective manner" by intensive treatment as a condition of his supervised release. The public can be protected with the monitoring of his electronic devices. To incarcerate Mr. Chi for a long period of time would be "unnecessary."

## CONCLUSION

Mr. Chi asks that this Court calculate his advisory total offense level at 13, Criminal History Category I. From the resulting range of 12-18 months, Mr. Chi requests that this Court take notice of his immediate efforts to resolve this case, his remorse and acceptance as well as his family's need for him. Considering the parsimony mandate in S3553(a) and the available

conditions of supervised release, Mr. Chi asks that he be sentenced to a term of either home detention or community correction-halfway house detention.

                                                           Respectfully submitted,

Dated: June 6, 2022.                                    */s/ Edward M. Robinson*
                                                         Edward M. Robinson
                                                         Attorney for Defendant
                                                         Hao Kuo Chi

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 6, 2022, I electronically filed the foregoing, with the Clerk of the Court, by using the CM/ECF system, which will send a Notice of Electronic Filing to the following: AUSA Carlton Gammons, Office of the United States Attorney, 400 N. Tampa St., Tampa, FL 33602.

        Respectfully Submitted,

        */s/ Edward M. Robinson*
        Edward M. Robinson
        Attorney for Defendant
        Hao Kuo Chi
        Law Office of Edward M. Robinson
        21515 Hawthorne Blvd, Suite 730
        Torrance, CA 90503
        Telephone: (310) 316-9333
        Email: eroblaw@gmail.com