UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  Case No: 8:22-cr-0270-KKM-TGW

HAO KUO CHI,

    Defendant.
_____

## ORDER

Hao Kuo Chi moves for bail pending an appeal from his sentence. (Doc. 39.) Because Chi fails to carry his burden, the motion is denied.

A court may release a convicted defendant pending appeal if (1) he "is not likely to flee or pose a danger," and (2) the appeal "raises a substantial question" that is "likely" to result in reversal, a new trial, a sentence without a prison term, or a prison term that is less than "the time already served plus the expected duration of the appeal." 18 U.S.C. § 3143(b)(1). The defendant bears the burden of establishing both conditions by clear and convincing evidence. *See United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985).

First, Chi fails to prove he is not a danger to the community. Chi attests that "he has been a model citizen since his arrest." (Doc. 39 at 3.) But given the duration and gravity of the offense, as well as the number of his victims, Chi continues to pose a danger.

Second, Chi does not show that his appeal raises a substantial question. Chi submits that the Court erred by using the application notes to § 2B1.1 of the Sentencing Guidelines to calculate the losses that his victims suffered. *See* U.S.S.G. § 2B1.1 cmt. n.3(F)(i) (providing that loss "shall be not less than $500 per access device").

This issue is not "substantial." The Eleventh Circuit has repeatedly affirmed the use of this loss formula. *See, e.g., United States v. Maitre*, 898 F.3d 1151, 1161 (11th Cir. 2018). Thus, Chi's position is foreclosed unless the en banc Eleventh Circuit decides to reconsider it. *See United States v. Cingari*, 952 F.3d 1301, 1308 (11th Cir. 2020). But even if the Eleventh Circuit agrees with Chi, that would not be enough. Chi would still face a significant prison sentence. (Doc. 29 at 117 (calculating the guideline range without the loss amount as Chi seeks at twelve to eighteen months).) Thus, Chi cannot show that his appeal is "likely to result in" reversal of his conviction or in a sentence that is "less than the total of the time already served plus the expected duration of the appeal process." § 3143(b)(1)(B).

Because Chi fails to carry his burden under § 3143(b)(1), his Motion for Bail Pending Appeal (Doc. 39) is **DENIED**.

**ORDERED** in Tampa, Florida, on July 5, 2022.

Kathryn Kimball Mizelle
United States District Judge